IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MELVIN DAVID LEWIS,

    Plaintiff,

vs.    CIVIL ACTION NO.: CV606-020

HUGH SMITH, Warden; JOHN W.
PAUL; STEVE ROBERTS; WENDELL
FOWLER; LOUIE SMITH; VISOL SMITH;
VICKIE NAIL; D. COX; WILLIAM
ALLEN; JANET BREWTON; TONYA
ANDERSON; DEBRA KIGHT; GARY
HARDEN; L. McGOWEN; RICKY
BOATRIGHT; Sgt. BLACK, and
RONNIE WILLIAMS,

    Defendants.

## ORDER

Plaintiff, an inmate presently confined at Georgia State Prison in Reidsville, Georgia, has been permitted to proceed in forma pauperis in an action under 42 U.S.C. § 1983 contesting the conditions of his confinement. A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C. § 1915.

Plaintiff asserts that "prison officials" (presumably those he named as Defendants in this case) have not allowed him to get an adequate amount of exercise or fresh air since he has been housed in administrative segregation. Plaintiff also asserts that prison mailroom personnel have restricted his access to the

prison mail system by refusing to allow him to send outgoing mail which does not meet the "indigency requirement." (Compl., ¶ 140.) Plaintiff contends that this practice violates his equal protection rights and is discriminatory. Plaintiff alleges that he was placed in administrative segregation without a hearing or notice of the reason he was being placed there. Plaintiff contends that his placement in administrative segregation was violative of his right to due process. Plaintiff also contends that he was placed in administrative segregation as a retaliatory measure because he filed a grievance against Defendant Brewton. Plaintiff avers that Defendants L. Smith, Paul, and McGowen failed to process or respond to his grievances. Plaintiff contends that Defendants Boatright, Black, and Williams improperly confiscated and lost his personal property. Plaintiff also contends that Defendant Fowler and William Allen confiscated his money and deposited it in their account without his authorization. (Compl., ¶ 168.) These claims appear to be unrelated.

A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between his separate allegations against these Defendants. Thus, these allegations lack a logical relationship, and the Court will not allow the joinder of these unrelated claims. Plaintiff is directed to advise the Court as to which claim or related claims

2

he wishes to pursue in this action. Plaintiff may submit separate Complaints for his other claims. If Plaintiff does not respond appropriately to this Order within thirty (30) days, this Complaint will be dismissed, without prejudice.

**SO ORDERED**, this 24th day of May, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)