IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

MELVIN DAVID LEWIS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV606-020

HUGH SMITH, Warden; JOHN W.
PAUL; STEVE ROBERTS; WENDELL
FOWLER; LOUIE SMITH; VISOL SMITH;
VICKIE NAIL; D. COX; WILLIAM
ALLEN; JANET BREWTON; TONYA
ANDERSON; DEBRA KIGHT; GARY
HARDEN; L. McGOWEN; RICKY
BOATRIGHT; Sgt. BLACK, and
RONNIE WILLIAMS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. By Order dated May 24, 2006, the undersigned notified Plaintiff that his claims appeared to be unrelated; Plaintiff was given thirty days to identify which claim(s) he wished to pursue. Plaintiff responded to said Order.

In his response, Plaintiff asserts that he wishes to proceed with the claims set forth in his original Complaint against Defendants H. Smith, Paul, L. Smith, V. Smith, Cox, J. Brewton, Anderson, Harden, Paul, Roberts, Boatright, Black, Williams, Kight, and McGowen. In his original Complaint, Plaintiff contends that Defendants Cox and V. Smith placed him in administrative segregation and that Defendants J. Brewton, Anderson, and Harden contributed to Plaintiff's placement in administrative segregation. Plaintiff asserts

AO 72A
(Rev. 8/82)

that Defendant J. Brewton retaliated against him because Plaintiff filed a grievance with Defendant H. Smith against her. Plaintiff alleges that Defendants R. Williams, Boatright, and Black destroyed or lost some of his personal property while he was housed in administrative segregation. Plaintiff also alleges that Defendant McGowen did not respond to his inquiries regarding the grievances he filed about being placed in administrative segregation and his property being destroyed. Plaintiff avers that Defendant Kight informed Defendant Roberts that Plaintiff did not file a grievance regarding his claim that his personal property was lost or destroyed. Plaintiff contends that his claims against Defendants H. Smith, Paul, L. Smith, V. Smith, D. Cox, J. Brewton, Anderson, Harden, and McGowen should proceed if the Court does not find that his claims regarding placement in administrative segregation and his property being lost or stolen while he was housed in administrative segregation should.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

2

AO 72A
(Rev. 8/82)

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

In his Complaint, Plaintiff generally contends that the actions of Defendants H. Smith, Roberts, Paul, L. Smith, V. Smith, D. Cox, J. Brewton, Anderson, Harden, and McGowen violated his right to equal protection and due process of law and that the actions of these Defendants deprived him of his First Amendment right to petition the government.

"The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" <u>Kirby v. Siegelman</u>, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. amend. XIV). "[A 42 U.S.C.] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." <u>Grayden v. Rhodes</u>, 345 F.3d 1225, 1232 (11th Cir. 2003). Plaintiff fails to prove at least the third of these prongs, as he was able to file the

3

instant cause of action concerning the events about which he complains. Thus, Plaintiff has failed to show that his due process rights were violated.

Plaintiff makes the bare assertion that his equal protection rights were violated. The Equal Protection Clause precludes the State (or state actors) from arbitrarily or capriciously classifying or treating similarly situated individuals differently. Stanton v. Stanton, 421 U.S. 7, 14, 95 S. Ct. 1373, 1377, 43 L. Ed. 2d 688 (1975). Plaintiff has failed to demonstrate that Defendants classified or treated him differently than similarly situated inmates. Plaintiff is not entitled to relief on this claim.

Finally, "[a]ccess to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed. 2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). Plaintiff has not alleged that Defendants' actions have prevented him from pursuing any cause of action in the courts.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants H. Smith, Roberts, Paul, L. Smith, V. Smith, D. Cox, J. Brewton, Anderson, Harden, and McGowen be **DISMISSED**, with prejudice, for failure to state a claim upon which relief may be granted. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants Fowler, Nail, Allen, Kight, Boatright, Black, and Williams be **DISMISSED**, without prejudice. It is my further **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 4th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5